IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DURECO KEONNE BROWN,
Inmate No. P47696,
     Plaintiff,

vs.                       Case No. 3:16cv302/MCR/EMT

M. NICHOLS,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Leave to proceed in forma pauperis has been granted (ECF No. 5).  Plaintiff is a prisoner of the Florida Department of Corrections currently incarcerated at Union Correctional Institution.

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 3–4).  In Question A of Section IV, which asks whether Plaintiff has filed any actions in state court that deal with the same or similar facts as those in the instant action, Plaintiff answered "no" to the question (*id*. at 3).  Likewise, Question B of Section IV asks the following question: "Have you initiated other actions in **federal** court dealing with the same or similar facts/issues involved in this action?"  Plaintiff answered "no" to the question (*id*.).

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 4).  Plaintiff answered "yes" to this question.  Using a separate page of the complaint, Plaintiff identified five cases as responsive to this question.  Plaintiff identified only one of these previous cases by its case number, 3:15cv178/LAC/CJK (*id*. at 4, 8).  While the complaint form asks for identifying aspects of the previous cases such as the name of the judge, filing date,

dismissal date, and the facts and claims of the case, Plaintiff's responses are threadbare if they are responsive at all.  Indeed, many of the spaces for response are completed with the words "can't recall."  Generally, the greatest identifying feature that Plaintiff supplies for each previous case is the last name of one of the defendants in that case.

Question D of Section IV asks, "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  (*id*. at 4).  Plaintiff answered "yes" to this question and identified two cases, both of which are identified by the last name of a defendant and little else (*id*. at 4, 9).

In effect, Plaintiff has stated that he has filed previous federal cases with the court, as identified in Questions C and D, that generally dealt with the fact or manner of his imprisonment, and some of which were dismissed as frivolous or malicious, for failing to state a proper claim, or prior to service.  In his response to Question B, Plaintiff has in effect stated that **none** of these previous cases dealt with the same or similar facts or issues as those that are involved in the instant action.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY**

**THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 7).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).  Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed Brown v. White, Case No. 3:15cv178/LAC/CJK, in this district on April 20, 2015. This case concerned Plaintiff's back injury and the medical attention he received for it, specifically that he was denied a "lower bunk pass" in his cell at Blackwater River Correctional Facility.  Plaintiff claimed this denial constituted deliberate indifference

to his medical needs in violation of the Eighth Amendment proscription against cruel and unusual punishment.  *See* Case No. 3:15cv178/LAC/CJK at ECF No. 29.  The case was dismissed on summary judgment on February 20, 2016, and is currently on appeal with the Eleventh Circuit Court of Appeals.  *See* Case No. 3:15cv178/LAC/CJK at ECF Nos. 32–34.

This court also takes judicial notice Plaintiff has previously filed <u>Brown v. Nichols</u>, Case No. 3:13cv544/MCR/CJK, on October 8, 2013.  In this case, Plaintiff claims that the defendant, Nurse M. Nichols, denied his request for a stronger medication than the ibuprofen that he was receiving for his back pain at Santa Rosa Correctional Institution.  Plaintiff again claimed this constituted deliberate indifference to his medical needs in violation of his Eighth Amendment rights.  *See* Case No. 3:13cv544/MCR/CJK at ECF No.14.  The case was dismissed for failure to state a claim upon which relief may be granted on May 8, 2014.  *See* Case No. 3:13cv544/MCR/CJK at ECF Nos. 15–16.

In the instant case, filed June 23, 2016, Plaintiff again sues a Nurse Nichols at Santa Rosa Correctional Institution, claiming deliberate indifference to his medical needs, based upon his allegation that Nurse Nichols discontinued the prescription for Mobic that Plaintiff was receiving for his back pain (ECF No. 1).

Thus, two cases that Plaintiff previously filed in federal court are strikingly similar to the case currently before the court.  All three cases concern Plaintiff's issue

with back pain and the response, medical or otherwise, that he has received from prison staff.  All raise claims of deliberate indifference under the Eighth Amendment, and one of the previous cases appears to identify the same defendant who is being sued in the instant case.  It simply defies credulity that Plaintiff would not recognize these similarities.  Obviously, Plaintiff should have answered "yes" to Question B of Section IV and identified the previous cases described above, but he did not.

The import of Plaintiff's false response is underscored by the fact that, another case he had previously filed in this court, Brown v. Parker, Case No. 3:15cv96/LAC/EMT, was dismissed by the court on October 7, 2015, on grounds of res judicata.  *See* Case No. 3:15cv96/LAC/EMT at ECF Nos. 15–17.  In fact, while the complaint concerned blood in Plaintiff's stool and other gastronomical problems, Plaintiff also alleged back pain in that complaint, the events underlying the complaint occurred at Santa Rosa Correctional Institution, and one of the defendants was a Nurse Nichols.  *See* Case No. 3:15cv96/LAC/EMT at ECF No. 15.  Although this case is arguably yet another case that should have been disclosed as a prior, similar case, the court raises it only to emphasize the importance of the complaint form questions regarding previous questions, because without such disclosures the court may waste time and resources before discovering issues such as the res judicata issue found here.[1]

---

[1] In addition, courts in other circuits have held that claims that essentially duplicate earlier filed claims may be dismissed under § 1915(e)(2)(B)(i) as malicious.  *See* Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (dismissing in forma pauperis complaint concerning medical

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[2]  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

---

indifference that repeated much the same factual allegations as an earlier action even though new complaint identified a new but similarly situated defendant); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Crisalfi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims.").

[2] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 3) (emphasis and capitalization in original).

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[3]  *See*, *e.g.*, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . .").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

---

[3] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file if he so chooses.  *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Accordingly, it respectfully **RECOMMENDED**:

1.      That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to

28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike"

under 28 U.S.C. § 1915(e).

2.      That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 13th day of July 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**